[790 NYS2d 700]

In the Matter of Avi J. Kasten (Admitted as Avi Joseph Kasten), an Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, March 7, 2005

## APPEARANCES OF COUNSEL

*Muriel L. Gennosa,* Hauppauge (*Stacey J. Sharpelletti* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition dated February 4, 2004, containing one charge of professional misconduct. After a preliminary conference on March 11, 2004, and a hearing on April 20, 2004, Special Referee Harwood sustained the charge. The petitioner now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has neither submitted any papers in reply to the petitioner's motion nor requested additional time in which to do so.

The charge alleges that the respondent deliberately altered original documents on file with the District Court of Nassau County, First District, in *Matter of Aksnes v Torres,* a landlord/tenant proceeding, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

The proceeding was commenced on July 29, 1999, with the filing of an original notice of petition, petition to recover possession of real property, and affidavit of service. At the time of filing, the papers identified the subject property as 3278 Neptune Avenue, Oceanside. Although the respondent's father, Elihu Kasten, was attorney of record for the landlords, the respondent handled all paperwork and made the court appearances in this matter.

The parties entered into a handwritten stipulation of settlement which did not identify the address of the property. Pursuant to the stipulation, the tenants consented to an immediate warrant of eviction, stayed until October 1, 1999.

On or about October 7, 1999, the respondent submitted a judgment of possession to the landlords and an original warrant of eviction. The subject property was identified in those papers as 3278 Neptune Avenue, Oceanside. Pursuant to court practice, the senior court analyst compared the original warrant against the original notice of petition and petition to ensure that the address matched before submitting the warrant to Judge Diane M. Dwyer for signature. The Judge signed the warrant on October 8, 1999. The Nassau County Sheriff's Department received the warrant for execution on October 13, 1999. It was thereafter returned to the court with a stamp dated October 15, 1999, stating that the warrant was returned unexecuted with a handwritten notation stating "Incorrect address. Post Office advises address does not exist. Pat June."

On October 22, 1999, the respondent requisitioned the court file for the landlord/tenant proceeding and deliberately altered

the address of the property identified in the original notice of petition, petition, and affidavit of service from 3278 Neptune Avenue to 3298 Neptune Avenue. The respondent made the alterations knowing that he was not authorized to do so. He also submitted a second original warrant of eviction identifying the property as 3298 Neptune Avenue, Oceanside. The second warrant was then submitted to and signed by Judge Christopher H. Quinn. Upon suspicion that there had been alterations to the pleadings, the court retained a copy of the pleadings and maintained it separately from the court file.

On October 25, 1999, the Nassau County Sheriff's office received the second original warrant. It was returned to the court unexecuted on October 29, 1999.

On October 26, 1999, the respondent again requisitioned the court file for the landlord/tenant proceeding and, for a second time, deliberately altered the address of the property at issue from 3298 Neptune Avenue to 3274 Neptune Avenue. The respondent made the alterations knowing that he was not authorized to do so. The respondent, at the same time, submitted a third original warrant of eviction bearing the address 3274 Neptune Avenue, Oceanside. Upon review of these papers, the reviewing court employee brought this matter to the attention of her supervisors.

Inasmuch as the facts are undisputed, the Special Referee properly sustained the charge and the motion to confirm his report is granted.

In determining an appropriate measure of discipline to impose, the petitioner points out that the respondent was issued a letter of reprimand, dated January 28, 1991, for failing to promptly pay over to a complainant the entire down payment to which the complainant was entitled upon his rejection of the contract. Upon a subcommittee hearing, it was determined that the manner in which the respondent handled his escrow should be examined. After review of the relative transfers of the funds in and out of the respondent's escrow account, and noting his failure to monitor the account closely enough to prevent improper bank charges from reducing the fund below the amount entrusted to him, the respondent was cautioned about his handling of escrow and his need to exercise greater care and discretion.

The petitioner issued a letter of admonition to the respondent on January 10, 1990, for his failure to promptly pay over the remainder of the down payment in violation of Code of Profes-

sional Responsibility DR 9-102 (b) (4) (22 NYCRR 1200.46 [b] [4]). At his request, he was afforded a subcommittee hearing which culminated in the aforesaid letter of reprimand.

In mitigation, the Special Referee concluded that the respondent was sincere in repeatedly expressing his remorse and stating that he has learned a lesson and will not so conduct himself ever again. The Special Referee further noted that the evidence demonstrates that the respondent was concerned that his client wanted the tenant out as quickly as possible and he attempted to accomplish that result even though his conduct was improper. At the hearing, the respondent emphasized that there was never any intent to defraud or gain any unfair advantage. Rather, his motivation was to expedite this matter for the client who exerted great pressure upon him to accomplish the desired eviction. The respondent also noted at the hearing that he has seven children, one of whom is severely handicapped.

Under the unique circumstances of this case, the respondent is suspended from the practice of law for a period of one year.

PRUDENTI, P.J., FLORIO, RITTER, SANTUCCI and KRAUSMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Avi J. Kasten, admitted as Avi Joseph Kasten, is suspended from the practice of law for a period of one year, commencing April 7, 2005, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof that during the said period he (a) refrained from practicing or attempting to practice law, (b) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), and (c) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Avi J. Kasten, admitted as Avi Joseph Kasten, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any

advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Avi J. Kasten, admitted as Avi Joseph Kasten, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).